UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                  :
DWAYNE TOWNSEND,                  :
                                  :
        Petitioner,               :     Civ. No. 16-2979 (NLH)
                                  :
    v.                            :     OPINION
                                  :
E.L. TATUM, JR.,                  :
                                  :
        Respondent.               :
_____:

APPEARANCES:
Dwayne Townsend, # 65358-050
F.C.I. Berlin
P.O. Box 9000
Berlin, NH 03570
    Petitioner Pro se


HILLMAN, District Judge

    Petitioner Dwayne Townsend, a prisoner confined at the

Federal Correctional Institution ("FCI") in Berlin, New

Hampshire, submitted a letter to the Court challenging the

Bureau of Prison's calculation of his sentence. (ECF No. 1 at

4).  "Section 2241 is the only statute that confers habeas

jurisdiction to hear the petition of a federal prisoner who is

challenging not the validity but the execution of his sentence."

Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Therefore,

the Court construes this submission as a petition for writ of

habeas corpus under 28 U.S.C. § 2241, challenging the execution

of his sentence.

"It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case." Packard v. Provident Nat. Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) (citations omitted), cert. denied, 510 U.S. 946 (1993); see also Gunn v. Minton, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013); Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986).

"A § 2241 petition is properly filed in the jurisdiction in which the prisoner is confined." United States v. Vidal, No. 15-3708, 2016 WL 1554352, at *1 (3d Cir. Apr. 18, 2016) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47, 124 S. Ct. 2711, 2724, 159 L. Ed. 2d 513 (2004)); Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976) (challenging erroneous computation of release date).

Because Petitioner is presently confined at FCI Berlin in New Hampshire, this Court lacks jurisdiction over the matter. 28 U.S.C. § 2241(a); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 500, 93 S. Ct. 1123, 1132, 35 L. Ed. 2d 443 (1973) (personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); Littles v. United States, No. 14-6371, 2015 WL 1608918, at *2 (D.N.J. Apr. 10, 2015).

Pursuant to 28 U.S.C. § 1406(a), a district court is permitted to either dismiss or transfer a case to another court even if it does not have jurisdiction. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67, 82 S. Ct. 913, 916, 8 L. Ed. 2d 39 (1962) (establishing that the language of § 1406 is broad enough to authorize the transfer of cases where the plaintiff has filed in a court that does not have jurisdiction over the defendant); Lafferty v. St. Riel, 495 F.3d 72, 77-78 (3d Cir. 2007) (stating that § 1406(a) comes into play when plaintiffs have filed in an improper forum and district courts are required to either dismiss or transfer the case) (citing Goldlawr, 369 U.S. at 465-66).  Section 1406(a) provides in pertinent part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Therefore, in the interests of justice, this Court will transfer this Petition, construed as one filed under § 2241, to the United States District Court for the District of New Hampshire. See Telesis Mergers & Acquisitions v. Atlantis Federal, 918 F.Supp. 823, 835 (D.N.J. 1996) (interests of justice dictated transfer under § 1406(a) rather than dismissal for lack of personal jurisdiction); cf. Fritsch v. F/V Anna Marie, No. 05-34959, 2006 WL 995411, at *3, n. 5 (D.N.J. April

11, 2006) (noting that, under "§ 1406(a), a district court, upon motion or <u>sua</u> <u>sponte</u> may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice" and that the court has "'broad discretion in deciding whether to order a transfer'") (<u>quoting</u> <u>Decker v. Dyson</u>, 165 F. App'x 951, 954 (3d Cir. Jan. 19, 2006) (<u>quoting</u> <u>Caldwell v. Palmetto State Sav. Bank of S.C.</u>, 811 F.2d 916, 919 (5th Cir. 1987))).

An appropriate Order will be entered.


_____s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge


Dated: May 26, 2016
At Camden, New Jersey